IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JO ANN BOONE,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:13-CR-177 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Jo Ann Boone's Motion for Compassionate Release. For the reasons discussed below, the Court will deny the Motion.

## I.　BACKGROUND

　　　　Defendant was charged with being a felon in possession of a firearm, possession of methamphetamine with intent to distribute, and using, carrying, or brandishing a firearm in relation to a drug trafficking crime. Defendant pleaded guilty to all counts and the parties agreed to a 180-month sentence.[1] The Court sentenced Defendant to the agreed upon sentence in August 2013. Defendant now seeks to be released to home confinement based on her rehabilitation, health conditions. and the COVID-19 pandemic.

## II.　DISCUSSION

　　　　"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2]　18 U.S.C. §

---

　　　　[1] Count III was later dismissed at sentencing.

　　　　[2] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

1

3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The United States Sentencing Commission has issued a policy statement for sentence reductions under this provision. The policy statement provides that the Court may reduce a term of imprisonment under § 3582(c)(1)(A) if, after considering the factors under 18 U.S.C. § 3553(a), the Court determines: (1) extraordinary and compelling reasons warrant release; (2) the defendant is not a danger to the safety of any other person or to the community; and (3) the reduction is consistent with the policy statement.[3]

The Court finds that Defendant is a danger to the community and her release fails to comport with the § 3553(a) factors. Therefore, even assuming she has exhausted her administrative remedies and demonstrated extraordinary and compelling reasons for release, her Motion must be denied.

The Sentencing Commission directs the Court to consider whether Defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). To determine whether a Defendant is a danger to the safety of any other person and the community under this provision, this Court considers the following factors:

---

[3] U.S.S.G. § 1B1.13.

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence [or] . . . involves . . . a firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[4]

Defendant's conduct here and her prior history demonstrate that she is a risk to the community. In this case, Defendant was sought by law enforcement due to an active warrant. Officers located Defendant and she quickly began to resist arrest. She was eventually subdued, handcuffed, and placed into a police car. When the officer went to retrieve Defendant, she managed to retrieve a firearm from her waistband, which she pointed directly at the officer. Defendant then climbed into the driver's seat of the police car and subsequently fled, leading officers on a high-speed chase. That chase continued even after the tires were spiked and ended only when officers completely surrounded the patrol car. Once the chase ended, Defendant ignored officers' commands to exit the vehicle. Defendant was finally taken into custody, but only after she was shot and tased by the responding officers. Defendant was ultimately found in possession of methamphetamine.

Defendant's significant and serious criminal history also demonstrates that Defendant poses a risk to the community. Defendant's criminal behavior runs the gamut and includes theft,

---

[4] 18 U.S.C. § 3142(g).

drugs, weapons offenses, and violent offenses.  A common thread is her refusal to obey law enforcement and her proclivity to flee.  Additionally, Defendant has incurred disciplinary action while in custody.  While Defendant's efforts at rehabilitation and self-improvement are commendable, they do not outweigh the risk she poses.  Based upon this, the Court finds that Defendant remains a risk to the community and her request for release will be denied.

Further, the Court does not have the authority to order the Bureau of Prisons to release Defendant to home confinement.  "While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."[5]

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 25) is DENIED.

DATED this 28th day of August, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[5] *United States v. Read-Forbes*, ---F.3d---, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020).